UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

SEA WOLF MARINE TRANSPORTATION,
LLC and WITTICH BROS. MARINE, INC.,

                Plaintiffs,

      -against-

WEEKS MARINE, INC.,

                Defendant.

---

**19 Civ. 9043**


<u>COMPLAINT</u>

PLEASE TAKE NOTICE that Plaintiffs, SEA WOLF MARINE TRANSPORTATION, LLC ("SEA WOLF") and WITTICH BROTHERS MARINE., INC. ("WBM"), by their attorneys, Mahoney & Keane, LLP, as and for a Complaint against Defendant, WEEKS MARINE, INC. ("WEEKS"), allege, upon information and belief, as follows:

1.    This is a case of actual controversy within the meaning of 28 U.S.C. § 2201 for a declaration of rights and legal obligations under a maritime contract pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and the Court's admiralty and maritime and federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1333, as well as the Court's diversity jurisdiction pursuant to 28 U.S.C. §1332.

2.    At all pertinent times, Plaintiffs, SEA WOLF and WBM, were and are business entities duly organized and existing under and by virtue of the laws of New York.

3.    At all pertinent times, Defendant, WEEKS, was and is a business entity organized and existing under and by virtue of the laws of one of the states of the United States with an office and place of business located at 4 Commerce Drive, Cranford, New Jersey 07016.

4.     The United States District Court for the District of New Jersey is the proper venue for this action pursuant to the forum-selection clause contained in the governing contract, and because the Defendant resides in this District and the transactions giving rise to the requested relief, including the execution of that contract, occurred in this District.

5.     Plaintiffs sue on their own behalf and as agents and trustees on behalf of any other party who may now have or hereinafter acquire an interest in this action.

6.     At all pertinent times, WBM and WEEKS were parties to a Master Service Agreement dated September 9, 2016 ("MSA"), a true copy of which is herewith attached as Exhibit 1.

7.     By Summons and Verified Complaint dated May 1, 2018, DARRYL NOWAK ("NOWAK") commenced suit against SEA WOLF and WBM in the Supreme Court for the State of New York in and for the County of New York under Index No. 154000/2018 ("New York action"), whereupon SEA WOLF and WBM interposed a Verified Answer to NOWAK's Verified Complaint and also served a Third-Party Summons and Verified Third-Party Complaint against WEEKS seeking defense and indemnification. True copies of the pleadings in the New York action are herewith attached as Exhibit 2.

8.     Pursuant to the MSA forum-selection clause calling for the exclusive jurisdiction of the United States District Court for the District of New Jersey, WEEKS then successfully moved to dismiss the Third-Party Summons and Verified Third-Party Complaint in the New York action as to WBM, as well as SEA WOLF as a "'subsidiary, affiliated and related compan[y].'" SEA WOLF's and WBM's cross-motion to dismiss NOWAK's underlying complaint on forum non conveniens grounds so that all claims might be heard before this Court was denied. True copies of WEEKS's Affirmation in support of WEEKS's motion to dismiss, together with the Order dated February 4, 2019 granting it, without prejudice, are herewith attached as Exhibit 3.

9.    In light of the February 4, 2019 dismissal order, by letter dated March 8, 2019, SEA WOLF and WBM again tendered their defense to WEEKS and demanded insurance information, however no response was ever received. A true copy of the March 8, 2019 letter is herewith attached as Exhibit 4.

10.    NOWAK seeks damages for personal injuries sustained when transiting from a barge to a SEA WOLF tug in the Hudson River about 300 yards from shore. See, Verified Complaint, Exhibit 2, at ¶¶ 34-42.

11.    At the time of the occurrence alleged in NOWAK's Verified Complaint, NOWAK was employed by, or otherwise under the supervision, direction, and control of, WEEKS. See, Exhibit 3, at ¶ 3.

12.    At the time of the occurrence alleged in NOWAK's Verified Complaint, Barge #2223 was owned, operated, or controlled by WEEKS. Id.

13.    Under the MSA, WEEKS was "responsible for the safe embarkation on and debarkation from the VESSEL of any persons who are servants of the [WEEKS] or its agents, or who otherwise seek to board or leave the VESSEL at the request or on behalf of [WEEKS]." See, MSA, Exhibit 1, at ¶ 6(e).

14.    Under the MSA, WEEKS "agree[d]:

> to be fully responsible for and will hold harmless, release, defend, and indemnify [SEA WOLF and WBM] from all claims, demands, causes of action, damages and/or expenses of any nature, including attorneys' fees and costs, for illness, injury, death (including any survivo(s action) [sic.] or property damage sustained by [WEEKS] or @ [sic.] employees, agents, invitees, contractors or subcontractors of any tier of [WEEKS] (other than SEA WOLF and WBM) occurring in connection with the performance or non-performance of any services, howsoever caused and even if caused, in whole or in part, by the alleged or actual fault or negligence, whether active or passive, or strict liability or other contractual or legal liability of [SEA WOLF and WBM] and/or the unseaworthiness of any vessels, but the foregoing indemnity by [WEEKS] shall not apply in the event of the gross negligence or intentional misconduct of [SEA WOLF and WBM].

<u>See</u>, Exhibit 1, at ¶ 10(g).

15.   Under the MSA, WEEKS also agreed to procure insurance for the benefit of SEA WOLF and WBM. <u>Id.</u> at ¶ 10 (b).

16.   Plaintiffs duly performed all duties and obligations required to be performed by Plaintiffs in connection with the work under the MSA.

AS AND FOR A FIRST CAUSE OF ACTION AGAINST WEEKS

17.   Plaintiffs repeat and reiterate each and every allegation contained in paragraphs "1" through "16" as if specifically set forth herein at length.

18.   WEEKS wrongfully, willfully, negligently and/or fraudulently breached and remains in breach of the terms of the MSA by, <u>inter alia</u>, failing to undertake the defense of SEA WOLF and WBM in the New York action .

19.   By reason of the foregoing, SEA WOLF and WBM have now been constrained to defend the New York action at their own expense, causing ongoing harm to SEA WOLF and WBM.

19.   By reason of the foregoing a justiciable controversy exists between SEA WOLF and WBM and WEEKS, and SEA WOLF and WBM therefore seek a declaratory judgment that WEEKS owes a duty to assume the defense of SEA WOLF and WBM in connection with the New York action.

AS AND FOR A SECOND CAUSE OF ACTION AGAINST WEEKS

20.   Plaintiffs repeat and reiterate each and every allegation contained in paragraphs "1" through "19" as if specifically set forth herein at length.

21.   WEEKS wrongfully, willfully, negligently and/or fraudulently breached and remains in breach of the terms of the MSA by, <u>inter alia</u>, failing to indemnify SEA WOLF and WBM in connection with NOWAK's claims, causing ongoing uncertainty with respect to ultimate liability for the outcome of the New York action.

22.  By reason of the foregoing a justiciable controversy exists between SEA WOLF and WBM and WEEKS, and SEA WOLF and WBM therefore seek a declaratory judgment that WEEKS owes a duty to a indemnify, including attorneys' fees, SEA WOLF and WBM in connection with the New York action.

AS AND FOR A THIRD CAUSE OF ACTION AGAINST WEEKS

23.  Plaintiffs repeat and reiterate each and every allegation contained in paragraphs "1" through "22" as if specifically set forth herein at length.

24.  WEEKS wrongfully, willfully, negligently and/or fraudulently breached and remains in breach of the terms of the MSA by, inter alia, failing to procure insurance for the benefit of SEA WOLF and WBM in connection with NOWAK's claims, causing ongoing cost and expense, as well as potential liability, for which WEEKS should be held accountable.

22.  By reason of the foregoing a justiciable controversy exists between SEA WOLF and WBM and WEEKS, and SEA WOLF and WBM therefore seek a declaratory judgment that WEEKS owes a duty to obtain insurance coverage for SEA WOLF and WBM in connection with the New York action.

WHEREFORE, Plaintiffs pray that judgment be entered:

1) Declaring that WEEKS owes a duty to defend SEA WOLF and WBM with regard to the New York action;

2) Declaring that WEEKS owes a duty to indemnify SEA WOLF and WBM with regard to the New York action;

3) Declaring that WEEKS owes a duty to purchase insurance covering SEA WOLF and WBM with regard to the New York action; and

4) Granting to Plaintiffs such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         March 28, 2019

                                        MAHONEY & KEANE, LLP
                                        Attorneys for Plaintiffs


                              By:   s/ Garth S. Wolfson
                                    Edward A. Keane
                                    Garth S. Wolfson
                                    61 Broadway, Suite 905
                                    New York, New York 10006
                                    (212) 385-1422